**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12423

Non-Argument Calendar

_____

MARKISHA CUNNINGHAM,

*Plaintiff-Appellant,*

*versus*

MERCEDES-BENZ U.S. INTERNATIONAL, INC.,
ONIN STAFFING LLC,

*Defendants-Appellees,*

NAOS ON-SITE STAFFING LLC,

*Defendant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:23-cv-01379-ACA

_____

Before JILL PRYOR, BRANCH, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Markisha Cunningham, a Black woman proceeding pro se, appeals the district court's order granting summary judgment in favor of Onin Staffing, LLC ("Onin") and Mercedes-Benz U.S. International, Inc. ("MBUSI") (collectively the "defendants") on her race and sex discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(m) and 42 U.S.C. § 1981.  On appeal, Cunningham argues that the district court erred in granting summary judgment to the defendants because she showed that the defendants failed to promote her, terminated her, and retaliated against her because of her race.  Cunningham also argues that the district court erred by not addressing her claims of disability discrimination under the Americans with Disabilities Act ("ADA") and a hostile work environment.  After reviewing the record and reading the parties' briefs, we affirm the district court's order granting summary judgment to the defendants.

## I.

"We review *de novo* a district court's grant of summary judgment, applying the same legal standards as the district court." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010).  The question is whether the evidence, when viewed in the light most favorable to the nonmoving party, shows that "no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Id.* at 1263–64.

Pro se pleadings "are held to a less stringent standard and should be liberally construed." *Taveras v. Bank of America, N.A.*, 89

F.4th 1279, 1285 (11th Cir. 2024) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).   Liberal construction, however, does not mean that a court may "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

A legal claim or argument that has not been briefed is deemed abandoned, and we will not address its merits on appeal. *Access Now, Inc. v. Southwest Airlines, Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).   An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-81 (11th Cir. 2014) (quoting *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013)).   For an argument to be sufficiently briefed on appeal, the argument must include the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."   Fed. R. App. P. 28(a)(8)(A).

**I.**

As an initial matter, the record demonstrates that Cunningham has abandoned any challenge to the district court's grant of summary judgment on her claims of sex discrimination under Title VII, and race discrimination and retaliation under § 1981, because she failed to raise any argument concerning these claims in her initial appellant brief.   Thus, we will not address the merits of these claims.  Furthermore, because "waiver is the intentional relinquishment or abandonment of a known right, we will not review a claim that a party waived in the district court." *United States v. Gonzalez*,

834 F.3d 1206, 1217 (11th Cir. 2016) (quotation mark omitted). Because the record shows that Cunningham unequivocally conceded her retaliation claims as to MBUSI and conceded all her claims as to Onin, we will not review them on appeal.

## II.

We have repeatedly held that we will not consider an issue not raised in the district court and raised for the first time in an appeal. *Access Now, Inc.*, 385 F.3d at 1331. We have explained that if we were to regularly address questions that district courts have "never had a chance to examine," it would not only be a waste of resources, but also a deviation "from the essential nature, purpose, and competence of an appellate court." *Id.*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2). "Despite the liberal pleading standard for civil complaints, plaintiffs may not raise new claims at the summary judgment stage." *Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1337-38 (11th Cir. 2024) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004)). Rather than make an argument in a brief opposing summary judgment, a plaintiff wishing to raise a new claim should amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. *Id.* at 1338.

Cunningham contends on appeal that the district court erred by failing to address her ADA claim and her hostile work environment claim. The record, however, shows that Cunningham failed to raise these claims in her amended complaint. Thus, the district

court did not err by failing to address these claims in its order granting summary judgment to the defendants on the other asserted claims. As such, we will not address these claims that are raised for the first time on appeal. *See Access Now, Inc.*, 385 F.3d at 1331.

## III.

Under Title VII, it is unlawful for an employer to discriminate against any of its employees because of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To prove a Title VII discrimination claim, a plaintiff may use direct or circumstantial evidence. *Tynes v. Fla. Dep't Juv. Just.*, 88 F.4th 939, 944 (11th Cir. 2023). "[T]he Supreme Court in *McDonnell Douglas* set out a burden shifting framework designed to draw out the necessary evidence in employment discrimination cases." *Id.* at 944. A plaintiff establishes a prima facie case of discrimination by showing that (1) "she belongs to a protected class," (2) "she was subjected to an adverse employment action," (3) "she was qualified to perform the job in question," and (4) "her employer treated 'similarly situated' employees outside her class more favorably." *Id.* (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973)).

To establish an adverse employment action, a plaintiff must demonstrate that a decision of the employer resulted in a *"serious and material* change in the terms, conditions, or privileges of employment" such that the employment action is materially adverse when viewed by a reasonable person in the circumstances. *Jefferson*

*v. Sewon America, Inc.*, 891 F.3d 911, 920-21 (11th Cir. 2018) (quotation marks omitted).  A plaintiff fulfills the last requirement by presenting evidence of a "comparator—someone who is similarly situated in all material respects."  *Tynes*, 88 F.4th at 944 (quoting Jenkins *v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022)).  By making a prima facie showing of discrimination, the plaintiff is entitled to a "rebuttable presumption of intentional discrimination," which the defendant rebuts by "offering evidence of a valid, non-discriminatory justification for the adverse employment action."  *Id.*  The burden then returns to the plaintiff "to show not only that the employer's justification was pretextual, but that the real reason for the employment action was discrimination."  *Id.*

In *Ismael v. Roundtree*, we provided a roadmap for district courts regarding the review of summary judgment motions in the context of employment discrimination.  *See Ismael v. Roundtree*, 161 F.4th 752, 764 (11th Cir. 2025).  We stated that where a plaintiff "cannot establish a prima facie case, she does not automatically lose on summary judgment." *Id.* at 764.  Rather, "the plaintiff must produce enough evidence, on her own and without any helpful evidentiary burdens or presumptions, to demonstrate a material issue of triable fact.  A court, therefore, should advance directly to the convincing mosaic inquiry." *Id.* at 765.

A plaintiff may prevail on a race discrimination claim by demonstrating a "convincing mosaic of circumstantial evidence that warrants an inference of intentional discrimination."  *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220 & n.6 (11th Cir. 2019)

25-12423                Opinion of the Court                7

(en banc).   A plaintiff can demonstrate a convincing mosaic by showing evidence, for example, that demonstrates "(1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) systematically better treatment of similarly situated employees, and (3) pretext." *Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022) (quotation marks and citation omitted).

An employee may show that the employer's "reasons were pretextual by revealing such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [the employer's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (internal quotation marks omitted).   An employer's reason is not pretext for discrimination unless "it is shown both that the reason was false, *and* that discrimination was the real reason." *Id.* at 1349 (citation omitted).   We clarified in *Ismael* that "summary judgment should not be granted for failure to demonstrate pretext unless it also reflects a failure to put forward enough evidence for a jury to find for the plaintiff on the ultimate question of discrimination or retaliation." *Ismael*, 161 F.4th at 763 (internal quotation marks omitted).

Here, we conclude from the record that the district court did not err in granting summary judgment to MBUSI on Cunningham's Title VII race discrimination claim.[1]   Cunningham cannot

_____

[1] Cunningham conceded below all claims against Onin; thus, we do not address her Title VII race discrimination claim against it.

establish a prima facie case of discrimination under *McDonnell Douglas* because she has no valid comparators, and she merely argued that unidentified white male co-workers exhibited similar behavior to hers and were offered similar employment positions.  Thus, the record evidence does not demonstrate that Cunningham and her alleged comparators were similarly situated in all material respects or could not reasonably be distinguished.  *Lewis*, 918 F.3d at 1220-21.

Further, the record shows that Cunningham cannot show a convincing mosaic of circumstantial evidence of race discrimination.  The supervisor's evaluation of Cunningham noted that she was not where she needed to be in terms of her progress and that she was not ready for a promotion.  The evaluation further noted that Cunningham had an issue with attendance and quality of work, receiving a performance score that reflected she was not meeting expectations.  Cunningham's supervisors indicated that she was not motivated, was hard to locate at times, spent excessive time on her cell phone, was not proactive, and did not stay with her mentor.  Although Cunningham claimed that she was subjected to derogatory comments from MBUSI employees based on her race, she did not identify anyone in a leadership position who made these comments or were aware of them.  We thus conclude, based on the record, that Cunningham cannot show any inference of discriminatory animus behind MBUSI's decisions not to promote her and to terminate her because the circumstantial evidence does not amount to a convincing mosaic indicating race discrimination.

Accordingly, based on the aforementioned reasons, we affirm the district court's grant of summary judgment to MBUSI and Onin on Cunningham's employment discrimination claims.

**AFFIRMED.**